UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT B. LEBLANC;
JOAN S. LEBLANC,

                Plaintiffs,                      No. 06-13588

vs.                                                          Hon. Gerald E. Rosen

STATE OF MICHIGAN,

                Defendant.
_____/

ORDER DENYING PLAINTIFFS'
RULE 60 MOTION FOR RELIEF FROM JUDGMENT

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on       July 25, 2013      

PRESENT:   Honorable Gerald E. Rosen
                            United States District Chief Judge

This matter is presently before the Court on Plaintiffs Robert and Joan LeBlanc's December 21, 2012 Motion for Relief from Judgment brought pursuant to Fed. R. Civ. P. 60(b)(4) and (6). The LeBlancs sued the State of Michigan in 2006 alleging acts of mail and wire fraud in violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C.§ 1961, *et seq.* Their complaint stemmed from the purchase of two tracts of land from Michigan and a dispute over whether the mineral rights to the land were also conveyed.

On August 1, 2007, the Court dismissed Plaintiffs' Complaint on Eleventh

1

Amendment immunity grounds. The Sixth Circuit affirmed the Court's ruling on December 11, 2008. Four years later, Plaintiffs filed the instant Motion for Relief from Judgment pursuant to Fed. R. Civ. P. 60(b)(4) and (6).

> Rule 60(b) provides, in relevant part:
>
> (b) On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> \* \* \*
>    (4) the judgment is void; [or]
> \* \* \*
>    (6) any other reason that justifies relief.
> \* \* \*
> (c) Timing. . . .
>
>    (1) A motion under Rule 60(b) must be made within a reasonable time -- and for reasons (1), (2), and (3) no more than one year after the entry of the judgment or order or the date of the proceeding.

Fed. R. Civ. P. 60(b)(4), (6); (c).

The Sixth Circuit has specifically held that motions under Rule 60(b)(4) and (6) are only cognizable if brought within a reasonable time. *See United States v. Dailide*, 316 F.3d 611, 617 (6th Cir.2003); *Days Inns Worldwide, Inc. v. Patel*, 445 F.3d 899, 906 (6th Cir. 2006); *Ohio Cas. Ins. Co. v. Pulliam*, 182 F.3d 918, 1999 WL 455336 (6th Cir.1999); *Manohar v. Massillon Community Hosp.*, 208 F.3d 214, 2000 WL 302776 (6th Cir.2000); *United States v. Leprich*, 169 Fed.Appx. 926, 932 (6th Cir.2006). Indeed, the Sixth Circuit has held that a motion filed pursuant to Rule 60(b)(4) is untimely where a significant amount of time has passed between the filing of the motion and the date the

2

judgment was entered. *See Dailide*, 316 F.3d at 618–619 (holding Rule 60(b)(4) motion filed four years after entry of judgment untimely); *Blachy v. Butcher*, 129 Fed.Appx. 173, 179 (6th Cir.2005) (Rule 60(b)(4) and (6) claims untimely when the party attempted to file the motions more than three years after judgment); *Pulliam*, 182 F.3d 918, 1999 WL 455336 at *3–4 (motion filed after more than three years untimely); *Days Inns*, 445 F.3d at 903 (motion filed over eleven months after judgment was untimely); *Manohar*, 208 F.3d 214, 2000 WL 302776 at *1 (motion filed almost five years after judgment was untimely); *Richard v. Allen*, 78 F.3d 585, 1996 WL 102419 (6th Cir.1996) (motion filed four years after judgment untimely); *see also Doe v. Salvation Army*, 2010 WL 4791887 (S.D. Ohio 2010) (Rule 60(b)(4) motion filed three years after entry of judgment was untimely); *Huebner v. Tangwall*, 2007 WL 2725244 (M.D. Tenn. 2007) (Rule 60(b) motion filed a year after judgment held untimely).

Plaintiffs' Rule 60(b) Motion in this case was not filed until nearly five and half years after entry of the Judgment. As the above cases indicate, this lengthy delay in seeking Rule 60(b) relief renders Plaintiffs' Motion not cognizable.

However, even if the Court were to consider the substance of Plaintiffs' Motion, the Court would find it to lack merit.

"A judgment is void under 60(b)(4) only 'if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law.'" *Doe v. Lexington-Fayette Urban County Government*, 407

3

F.3d 755, 761 (6th Cir. 2005) (quoting *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 108 (6th Cir.1995).)

Plaintiffs here claim that the Judgment entered by the Court dismissing their Complaint is inconsistent with due process and, therefore, void because the State voluntarily and knowingly waived Eleventh Amendment immunity. Plaintiffs' claim is entirely without factual merit. In fact, in its Answer to Plaintiffs' Complaint, the State explicitly and expressly asserted Eleventh Amendment immunity as an Affirmative Defense. *See* Dkt. # 4, Defendant State of Michigan's Answer to Complaint, Affirmative Defense No. 2. In essence, Plaintiffs are attempting to obtain the relief they were denied in the Court of Appeals. However, a party may not use a Rule 60(b) motion as a substitute for a proper appeal. *See In re G.A.D., Inc.*, 340 F.3d 331, 337 (6th Cir.2003); *Days Inns supra*, 445 F.3d at 906. As the Court of Appeals found, "[t]he State of Michigan has not consented to suit in federal court and there is no authority that the enactment of the RICO statute had this effect. Thus, the Eleventh Amendment bars the prosecution of this action. *LeBlanc v. State of Michigan*, No. 07-2095 at p.2 (6th Cir. Dec. 11 2008) (*citing Akbar-El v. Ohio Depot of* Corr. 1997 WL 579160 at * 1 (6th Cir. Sept. 17, 1997)). Therefore, the Court concludes that Plaintiffs have failed to demonstrate entitlement to relief under Rule 60(b)(4).

Plaintiffs further claim entitlement to relief under the "catch all" provision of Rule 60(b)(6). However, both the United States Supreme Court and the Sixth Circuit have

repeatedly held that relief under Rule 60(b)(6) is "extraordinary relief" to be granted only in exceptional circumstances. *Ackerman v. United States*, 340 U.S. 193, 202 (1950); *Malloy v. Enrich*, 922 F.2d 1273, 1281 (6th Cir. 1991); *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989); *Pierce v. UMW Welfare & Retirement Fund*, 770 F.2d 449, 451 (6th Cir. 1985), *cert. denied*, 474 U.S. 1104 (1986).

Exceptional circumstances under Rule 60(b) means "unusual and extreme situations where principles of equity <u>mandate</u> relief." *Ole v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990) (emphasis in original). A claim of simple legal error, unaccompanied by extraordinary or exceptional circumstances, is not cognizable under Rule 60(b)(6). *Pierce v. UMW Welfare & Retirement Fund, supra*, 770 F.2d at 451.

It is only "simple legal error" that Plaintiffs allege in their Rule 60(b) motion in this case.

There is further no basis for Plaintiffs' contention that this Court was "biased and prejudiced" and acted in violation of 28 U.S.C. § 455 by adjudicating this matter.

Section 455 provides for the disqualification of a judge "in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). With respect to the substantive requirements for disqualification, the Sixth Circuit has explicitly determined that disqualification under§ 455(a) must be predicated upon **extrajudicial** conduct rather than judicial conduct, and that allegations of bias "must be a personal bias as distinguished from a judicial one, arising out of the judge's background

and association and **not** from the judge's view of the law." *Green v. Nevers,* 111 F.3d 1295, 1303-1304 (6th Cir. 1997); *Easley v. University of Michigan Board of Regents*, 853 F.2d 1351, 1355-1356 (6th Cir. 1988).

The court clarified the meaning of "personal" bias in *Parker v. Sill,* 989 F.2d 500, 1993 WL 87432(6th Cir. 1993): "To be disqualifying the alleged bias of the judge must stem from an extrajudicial source and result in an opinion on the merits **on some basis other than what the judge learned from his participation in the case**." *Id.* at *2. *See also*, *United States v. Hatchett*, 978 F.2d 1259,1992 WL 296865 (6th Cir. 1992) ("Personal bias is prejudice **other than participation in the proceedings**. . . ." *Id.* at *3.).

In assessing whether such personal bias exists to warrant disqualification, the Sixth Circuit standard is that a district judge is required to recuse himself "only if a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Wheeler v. Southland Corp.*, 875 F.2d 1246, 1251 (6th Cir. 1989). This standard is an objective one, and "is not based on the subjective view of a party." *Id.* However, a judge's decisions are not biased just because the judge has a particular point of view on the law. *Parchman v. U.S. Depot of Agriculture*, 852 F.2d 858, 866 (6th Cir. 1988).

Plaintiffs' allegations of bias/prejudice in this case deal only with the Court's judicial rulings in this action. There are no facts to objectively establish such personal

bias emanating from a source other than the Court's participation in this case to warrant disqualification.

In sum, Plaintiffs have failed to demonstrate that Rule 60(b)(6) relief is warranted.

## CONCLUSION

For all of the foregoing reasons,

IT IS HEREBY ORDERED that Plaintiffs' Rule 60 Motion for Relief **[Dkt. # 26]** is DENIED.

s/Gerald E. Rosen
Chief Judge, United States District Court

Dated: July 25, 2013

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 25, 2013, by electronic and/or ordinary mail.

s/Julie Owens
Case Manager, (313) 234-5135